UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

BRIANNA T. COLLINS,

                      Plaintiff,

v.                                                                                                    CASE # 19-cv-00298

COMMISSIONER OF SOCIAL SECURITY,

                      Defendant.
_____

| APPEARANCES: | OF COUNSEL: |
|---|---|
| LAW OFFICES OF KENNETH HILLER, PLLC<br>  Counsel for Plaintiff<br>600 North Bailey Ave<br>Suite 1A<br>Amherst, NY 14226 | AMY C. CHAMBERS, ESQ.<br>KENNETH R. HILLER, ESQ. |
| U.S. SOCIAL SECURITY ADMIN.<br>OFFICE OF REG'L GEN. COUNSEL – REGION II<br>  Counsel for Defendant<br>26 Federal Plaza – Room 3904<br>New York, NY 10278 | AVNI DINESH GANDHI, ESQ. |

J. Gregory Wehrman, U.S. Magistrate Judge,

## MEMORANDUM-DECISION and ORDER

      The parties consented in accordance with a standing order to proceed before the undersigned. The court has jurisdiction over this matter pursuant to 42 U.S.C. § 405(g). The matter is presently before the court on the parties' cross-motions for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. For the reasons set forth below, plaintiff's motion for judgment on the administrative record is DENIED and the Commissioner's motion is GRANTED.

## I.     RELEVANT BACKGROUND

### A.     Factual Background

Plaintiff was born on July 26, 1987 and has less than a high school education. (Tr. 916). She alleged disability beginning February 1, 2010, due to bowel obstruction, depression, anxiety and nerve damage in the abdomen. (Tr. 157). Her date last insured is December 31, 2011. (Tr. 153).

### B.     Procedural History

On April 19, 2012, Plaintiff applied for a period of Disability Insurance Benefits ("SSD") under Title II, and Supplemental Security Income ("SSI") under Title XVI, of the Social Security Act. (Tr. 72). Plaintiff's application was initially denied, after which she timely requested a hearing before an Administrative Law Judge ("the ALJ"). On October 1, 2013, Plaintiff appeared before the ALJ, Grenville W. Harrop, Jr. (Tr. 40-66). On December 6, 2013, ALJ Harrop issued a written decision finding plaintiff not disabled under the Social Security Act. (Tr. 15-33). On March 10, 2015 the Appeals Council ("AC") denied Plaintiff's request for review. (Tr. 1-4).

On September 30, 2016, the United States District Court for the Western District of New York remanded the case for further proceedings. (Tr. 1057). Plaintiff had additional hearings before ALJ Melissa Lin Jones on October 5, 2017, and October 11, 2018. (Tr. 930-978). ALJ Jones issued an unfavorable decision on November 7, 2018. (Tr. 903-18). Thereafter, plaintiff directly sought judicial review in this Court.

### C.     The ALJ's Decision

Generally, in her decision, the ALJ made the following findings of fact and conclusions of law:

1.     The claimant meets the insured status requirements of the Social Security Act through December 31, 2011.

2.	The claimant has not engaged in substantial gainful activity since February 1, 2010, the alleged onset date (20 CFR 404.1571 et seq., and 416.971 et seq.).

3.	The claimant has the following severe impairments: major depressive disorder, PTSD, lumbago, asthma and abdominal pain following a gunshot wound (20 CFR 44.1520(c) and 416.920(c)).

4.	The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1526, 416.920(d), 416.925 and 416.926).

5.	After careful consideration of the entire record, the undersigned finds the claimant has the residual functional capacity to perform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) except she can occasionally climb ramps and stairs but never ladders ropes or scaffolds; engage in simple routine repetitive tasks not at a production rate pace, simple decisions when dealing with change in the work setting and occasional interaction with supervisors coworkers or the public; and she must avoid concentrated exposure to fumes dusts odors gases and other pulmonary irritants and extreme heat.

6.	The claimant is unable to perform any past relevant work (20 CFR 404.1565 and 416.965).

7.	The claimant was born on July 26, 1987 and was 22 years old, which is defined as a younger individual age 18-49, on the alleged onset date (20 CFR 404.1563 and 416.963).

8.	The claimant has at least a high school education and is able to communicate in English (20 CFR 404.1534 and 416.964).

9.	Transferability of job skills is not an issue in this case because the claimant's past relevant work is unskilled (20 CFR 404.1568 and 416.968).

10.	Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 404.1569, 404.1569(a), 416.969 and 416.969(a)).

11.	The claimant has not been under a disability, as defined in the Social Security Act, from February 1, 2010, through the date of this decision (20 CFR 404.1520(g) and 416.920(g)).

(Tr. 903-918).

## II.     THE PARTIES' BRIEFINGS ON PLAINTIFF'S MOTION

### A.     Plaintiff's Arguments

Plaintiff makes essentially three arguments in support of her motion for judgment on the pleadings. First, plaintiff argues the ALJ improperly evaluated opinions and evidence of record,

3

resulting in an unsupported residual functional capacity (RFC) finding. Second, plaintiff contends the record as a whole shows sedentary work is further eroded by off-task time and missed workdays, as well as bending, lifting, and prolonged sitting, walking and standing but were not accounted for in the RFC finding. Lastly, plaintiff argues the ALJ improperly evaluated her credibility and evidence of record. (Dkt. No. 14 at 2-3 [Pl.'s Mem. of Law]).

### B. Defendant's Arguments

In response, defendant makes two arguments. First, defendant argues substantial evidence supports the ALJ's RFC finding and evaluation of medical opinions. (Dkt. No. 15 at 13 [Def.'s Mem. of Law]). Second, Defendant argues substantial evidence supports the ALJ's evaluation of plaintiff's subjective complaints. (Dkt. No. 15 at 17).

## III. RELEVANT LEGAL STANDARD

### A. Standard of Review

A court reviewing a denial of disability benefits may not determine *de novo* whether an individual is disabled. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Wagner v. Sec'y of Health & Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990). Rather, the Commissioner's determination will only be reversed if the correct legal standards were not applied, or it was not supported by substantial evidence. *See Johnson v. Bowen*, 817 F.2d 983, 986 (2d Cir. 1987) ("Where there is a reasonable basis for doubt whether the ALJ applied correct legal principles, application of the substantial evidence standard to uphold a finding of no disability creates an unacceptable risk that a claimant will be deprived of the right to have her disability determination made according to the correct legal principles."); *Grey v. Heckler*, 721 F.2d 41, 46 (2d Cir. 1983); *Marcus v. Califano*, 615 F.2d 23, 27 (2d Cir. 1979).

"Substantial evidence" is evidence that amounts to "more than a mere scintilla," and has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427 (1971). Where evidence is deemed susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. *See Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir. 1982).

"To determine on appeal whether the ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight." *Williams v. Bowen*, 859 F.2d 255, 258 (2d Cir. 1988).

If supported by substantial evidence, the Commissioner's finding must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [Commissioner's]." *Rosado v. Sullivan*, 805 F. Supp. 147, 153 (S.D.N.Y. 1992). In other words, this Court must afford the Commissioner's determination considerable deference, and may not substitute "its own judgment for that of the [Commissioner], even if it might justifiably have reached a different result upon a de novo review." *Valente v. Sec'y of Health & Human Servs.*, 733 F.2d 1037, 1041 (2d Cir. 1984).

**B.     Standard to Determine Disability**

The Commissioner has established a five-step evaluation process to determine whether an individual is disabled as defined by the Social Security Act. *See* 20 C.F.R. § 416.920. The Supreme Court has recognized the validity of this sequential evaluation process. *See Bowen v. Yuckert*, 482 U.S. 137, 140-42, 107 S. Ct. 2287 (1987).  The five-step process is as follows:

> (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment or combination of impairments; (3) whether the impairment meets or equals the severity of the specified impairments in the Listing of Impairments; (4) based on a residual functional capacity'

assessment, whether the claimant can perform any of his or her past relevant work despite the impairment; and (5) whether there are significant numbers of jobs in the national economy that the claimant can perform given the claimant's residual functional capacity, age, education, and work experience.

*McIntyre v. Colvin,* 758 F.3d 146, 150 (2d Cir. 2014).

## IV. ANALYSIS

### A. RFC Finding

The RFC is an assessment of the most plaintiff can still do despite her limitations. 20 C.F.R. § 404.1545(a)(1). The ALJ is responsible for assessing plaintiff's RFC based on a review of relevant medical and non-medical evidence, including any statement about what plaintiff can still do, provided by any medical sources. *Id.* §§ 404.1527(d), 404.1545(a)(3), 404.1546(c). It is the ALJ's duty to assess all of the evidence, resolve any inconsistencies, and formulate an RFC finding that reflect all of plaintiff's credible limitations. *See Davis v. Colvin*, No. 15-CV-6695P, 2017 WL 745866, at *11 (W.D.N.Y. Feb. 27, 2017); 20 C.F.R. §§ 404.1529, 404.1545, 404.1546, 416.929, 416.945, and 416.946. However, the burden is on plaintiff to show that she cannot perform the RFC as found by the ALJ. *See Poupore v. Astrue*, 566 F.3d 303, 305-06 (2d Cir. 2009).

Plaintiff argues the RFC does not account for all limitations, in part because of the ALJ's improper evaluation of the opinion evidence. For the reasons set forth below, the Court finds the ALJ properly considered the medical opinions of record in assessing the RFC and it is supported by substantial evidence.

### 1. Mental RFC

The ALJ found plaintiff suffered from the severe mental impairments of major depressive disorder and posttraumatic stress disorder, but noted the record showed very little treatment for the mental impairments since her alleged onset date. (Tr. 909, 912). However, for what records

there were, plaintiff routinely exhibited calm or normal mood and affect, pleasant demeanor, and cooperative behavior at medical visits. (Tr. 494, 515, 725, 1286).

Plaintiff first argues the ALJ did not adopt limitations opined by consultative examiner Dr. Baskin. (Dkt. No. 14 at 18). During Dr. Baskin's exam, plaintiff exhibited goal-directed thought processes, euthymic mood, and full range of affect. (Tr. 611). Plaintiff's attention, concentration, and memory were mildly impaired, but it was noted to be related to her lack of formal education. (Tr. 611). Dr. Baskin concluded plaintiff had moderate limitations dealing with stress and her medical/physical problems may interfere with her vocational functional capacities. (Tr. 611). ALJ Jones accorded great weight to Dr. Baskin's opinion. Contrary to plaintiff's argument that the ALJ did not account for moderate stress limitations and possible difficulty managing funds, the ALJ's RFC limited plaintiff to simple, routine tasks not at a production rate pace, simple decisions and occasional interaction with others. (Tr. 911, 915). *See Bartell v. Comm'r of Soc. Sec.,* 5:13–CV–843, 2014 WL 4966149, at *3 (N.D.N.Y. Sept. 30, 2014) (holding the ALJ adequately factored in limitations in maintaining concentration, persistence and pace and difficulties dealing with stress by limiting plaintiff to simple unskilled work); *Saxon v. Colvin*, No. 13-CV-165, 2015 WL 3937206, at *6 (W.D.N.Y. June 26, 2015) ("The ALJ considered the functional limitations suggested by the medical evidence, including plaintiff's moderate limitation in the ability to learn new tasks, perform complex tasks, make appropriate decisions, relate adequately with others, and deal with stress. These limitations are incorporated into the RFC, which limits plaintiff to simple routine tasks in a low stress, low contact environment.").

Plaintiff also contends the ALJ erred by giving great weigh to the opinion of state agency psychological reviewer Dr. Butkensky without incorporating limitations. (Dkt. No. 14 at 18). Dr. Butkensky reviewed the record evidence through August 2012, including Dr. Baskin's findings,

and opined that plaintiff had mild to moderate limitations in sustaining attention and concentration, adapting to changes in a routine work setting, and interacting appropriately with coworkers and supervisors. (Tr. 707). He also opined that plaintiff was capable of performing simple and complex jobs. (Tr. 707). Plaintiff's only argument is that the ALJ "failed to explain the limitations that contradict RFC" with no further discussion or cites to the record. (Dkt. No. 14 at 18).

ALJ Jones noted the opinion was consistent with the objective evidence and Dr. Baskin's opinion and findings. (Tr. 915-916). Dr. Butensky, in his summary conclusions, opined that plaintiff would have moderate limitations in her ability to complete a normal workday and workweek without interruptions, accept instructions and respond appropriately to criticism from supervisors, and set realistic goals or make plans independently of others. (Tr. 710). As discussed above, the ALJ accounted for these limitations in the RFC by limiting plaintiff to simple, routine repetitive work, simple decisions, and only occasional interactions with supervisors and coworkers. (Tr. 911).  *See, Thomas v. Berryhill*, 337 F. Supp. 3d 235, 245 (W.D.N.Y. 2018)(*citing Ross v. Colvin*, 2015 WL 1189559 at *11 (rejecting plaintiff's argument that ALJ failed to account for several moderate limitations assessed by a consultative examiner, such as limitations in the ability to complete a normal workday or workweek without interruption; "[a]lthough the ALJ did not discuss each of the moderate limitations assessed by [the consultative examiner], he incorporated moderate limitations into his RFC by restricting [plaintiff] to jobs that require an individual to understand, remember, and carry out simple instructions, make only simple work-related decisions")); *Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1174 (9th Cir. 2008) (ALJ's finding that claimant could perform "simple, routine, repetitive" tasks adequately accounted for opinion that claimant was "moderately" limited in ability "to perform at a consistent pace without an unreasonable number of rest periods," among other things).

### 2. Physical RFC

The plaintiff has a remote history of a gunshot wound in 2016 with abdominal repair including colon repair. ALJ Jones stated plaintiff sought emergency room care for abdominal pain on numerous occasions, but her abdomen was usually soft and non-tender or only mildly tender. (Tr. 494, 725, 852, 912, 1286, 1293, 1296, 1789). Radiological testing, like abdominal CTs, were also normal. (Tr. 441, 912, 1804, 1824). Plaintiff also demonstrated normal sensation, full range of motion, and full motor strength in the lower extremities, despite her low back pain. (Tr. 257, 495, 913, 1286). Appropriately, the ALJ noted however that treating specialist, Dr. Kahn, reported that plaintiff's abdominal pain was primarily caused by her opioid medications and the drug withdrawal. (Tr. 912). Notwithstanding the largely benign objective physical findings, the ALJ limited plaintiff to sedentary work with postural limitations to account for her subjective complaints to the extent that they were consistent with the above evidence. (Tr. 911).

Plaintiff contends the opinions of Dr. Matthews and Dr. Dave should have been afforded controlling weight. (Dkt. No. 14 at 19). The ALJ properly noted Dr. Matthews was plaintiff's treating physician when discussing his opinion that plaintiff could perform sedentary work and was moderately limited in her ability to walk, stand, and climb stairs and very limited in her ability to lift, carry, push, pull and bend. (Tr. 915, 1348). ALJ Jones expressly stated she accorded little weight to Dr. Matthews' opinion that plaintiff had no mental limitations because mental functioning was outside of Dr. Matthew's expertise. The ALJ did not specify the weight given to the physical limitations opined but this is a harmless error as the RFC is consistent with the opined physical limitations. (Tr. 911, 1348). Consistent with Dr. Matthews' opinion for sedentary work and limitations in walking, standing, lifting, carrying, pushing, and pulling, the ALJ assessed an RFC for sedentary work, which involves lifting and carrying no more than 10 pounds at a time and

involves mostly sitting. (Tr. 911). *See* 20 C.F.R. §§ 404.1567(a), 416.967(a). Moreover, the ALJ further limited plaintiff to only occasional climbing of ramps and stairs and no climbing of ladders, ropes, or scaffolds. (Tr. 911).

The ALJ accorded little weight to the opinion of consultative examiner Dr. Dave and provided good reasons. First, controlling weight is only appropriate for a treating physician opinion. 20 C.F.R. § 404.1527(d)(2). Dr. Dave opined plaintiff had moderate to marked limitations in lifting, carrying, pushing, and pulling of heavy objects due to her abdominal problems. (Tr. 915). In her analysis, the ALJ explained this opinion was inconsistent with the physical exam findings and appeared to be based primarily on plaintiff's subjective allegations. (Tr. 915). Except for tenderness at the site of the abdominal scar, plaintiff's physical exam by Dr. Dave was normal. (Tr. 606-607). Her abdominal scar tenderness did not restrict her spinal or extremity range of motion or gait. (Tr. 606-607). Consistency is a factor in deciding the weight accorded to any medical opinion. *See Michels v. Astrue*, 297 F. App'x 74, 76 (2d Cir. 2008); *see also Monroe v. Colvin*, 676 F. App'x 5, 7-8 (2d Cir. 2017) (holding an ALJ had properly discounted a medical source opinion based on, among other things, the inconsistency of that physician's opinion with his treatment notes).

Additionally, as discussed below, the ALJ found plaintiff's subjective complaints not wholly consistent, in part due to her opioid medication-seeking behaviors. (Tr. 614). Although the ALJ cannot reject a medical opinion solely because it relies on subjective complaints, she may reject the opinion if she has previously found the subjective complaints unsound and the medical source relied on those complaints when reaching his opinion. *Tomczak v. Comm'r of Soc. Sec.*, No. 18-CV-64-FPG, 2019 WL 2059679, at *1 (W.D.N.Y. May 9, 2019); *see also Jackson v. Astrue,* No. 1:05-CV-01061 (NPM), 2009 WL 3764221, at *7 (N.D.N.Y. Nov. 10, 2009).

Based on the foregoing, substantial evidence supports the ALJ's RFC finding, and plaintiff has failed to show otherwise.

### B. Subjective Complaints

In different parts of her brief, plaintiff essentially argues the ALJ failed to properly assess her credibility and did not account for her chronic pain. In the decision, the ALJ found plaintiff's medically determinable impairments could reasonably be expected to cause her alleged symptoms; however, the alleged intensity, persistence, and limiting effects were not entirely consistent with the record. (Tr. 912). ALJ Jones is not required to accept the plaintiff's subjective complaints without question; she may exercise discretion in weighing the credibility of the plaintiff's testimony in light of the other evidence in the record. *Genier v. Astrue*, 606 F.3d 46, 49 (2d Cir. 2010). In the instant case, the ALJ properly discussed objective medical evidence, treatment and response to treatment, activities of daily living, and medical expert opinion evidence. (Tr. 912-916). *See Schlichting v. Astrue*, 11 F. Supp. 3d 190, 205 (N.D.N.Y. 2012) (quoting *Lewis v. Apfel*, 62 F. Supp. 2d 648, 651 (N.D.N.Y. 1999))("An administrative law judge may properly reject claims of severe, disabling pain after weighing the objective medical evidence in the record, the claimant's demeanor, and other indicia of credibility, but must set forth his or her reasons with sufficient specificity to enable us to decide whether the determination is supported by substantial evidence.").

Although the ALJ may not have specifically identified the steps of the credibility analysis as identified in SSR 16-3p, the extensive discussion by the ALJ of inconsistent evidence was sufficient to enable to Court to determine the legitimate reasons for the ALJ's disbelief. *See Rockwood v. Astrue,* 614 F. Supp. 2d at 270 (N.D.N.Y. 2009)(When rejecting subjective complaints, an ALJ must do so explicitly and with sufficient specificity to enable the Court to

decide whether there are legitimate reasons for the ALJ's disbelief.). The ALJ thoroughly discussed and identified reasons why the plaintiff's statements were not found to be credible. (Tr. 914).

The ALJ first noted the plaintiff had made numerous inconsistent statements to her treating physician, or elsewhere in the medical record, in conjunction with her abuse of opioid pain medication and other drugs. (Tr. 914). As the ALJ noted, plaintiff repeatedly went to the emergency room for abdominal pain, and even though exams were largely normal and she described pain as mild at its worst, she always received narcotics or opioids. (Tr. 441, 449, 491, 494, 660-62, 841, 912). Plaintiff's mother reported that she was addicted to pain medication. (Tr. 212). Misuse of medication is a valid factor for an ALJ to consider in assessing the consistency of symptom severity. *Morgan v. Berryhill*, No. 1:15-CV-00449 (MAT), 2017 WL 6031918, at *5 (W.D.N.Y. Dec. 5, 2017) (citation omitted); *Tomczak,* No. 18-CV-64-FPG, 2019 WL 2059679, at *1 (W.D.N.Y. May 9, 2019)(An ALJ may consider drug-seeking behavior in evaluating the reliability of a claimant's subjective complaints); *Weakland v. Astrue*, No. 10-CV-519S, 2012 WL 1029671, at *5 (W.D.N.Y. Mar. 26, 2012) ("Plaintiff's drug seeking behavior serves to generally discount her testimony as it relates to the severity of her symptoms." (citations omitted)).

The ALJ also considered plaintiff's activities of daily living were not limited to the extent one would expect, given the complains of disabling symptoms and limitations. *See e.g. Wavercak v. Astrue*, 420 F. App'x 91, 94 (2d Cir. 2011). Plaintiff testified that she did nothing all day because of her impairments but on her function report, she said she was able to prepare quick, microwaveable foods, go out alone sometimes (using public transportation or cabs), go to church once a week, and walk with breaks. (Tr. 167-73). Her inconsistent statements about her daily activities were appropriately considered by the ALJ. *See generally* SSR 16-3p, 2017 WL 5180304,

at *8 ("In determining whether an individual's symptoms will reduce his or her corresponding capacities to perform work-related activities … we will consider the consistency of the individual's own statements.").

As accurately noted by the ALJ, plaintiff's treatment was additionally routine and/or conservative. (Tr. 914). A pattern of conservative medical treatment is a proper factor for an ALJ to consider in evaluating a plaintiff's credibility. *See e.g. Gowell v. Apfel*, 242 F.3d 793, 796 (8th Cir. 2001). The most invasive treatment option offered to her was surgery to remove adhesions in her abdominal scar tissue, but she did not go through with that surgery. Rather, she relied solely on medication and physical therapy for her symptoms. Further, as noted repeatedly by the ALJ beyond conservative treatment recommendations there was also significant gaps in treatment or little treatment. In terms of mental health treatment, the ALJ addressed the very minimal treatment since the alleged onset date. (Tr. 914). The ALJ also discussed visits with the primary physician, Dr. Matthews, which lapsed up to a year. (Tr. 913, *citing* 1291). Failure to seek treatment for a given condition "seriously undermines" any claim of inability to perform work-related activities due to that condition. *Arnone v. Bowen*, 882 F.2d 34, 39 (2d Cir. 1989); *see also Navan v. Astrue*, 303 F. App'x 18, 20 (2d Cir. 2008) (plaintiff's subjective complaints of disabling pain were undermined by his failure to seek regular medical treatment).

Lastly, the ALJ appropriately considered plaintiff's work history that revealed only sporadic work but for a period in 2010 when she worked at substantial gainful activity (SGA) levels. (Tr. 914). SSA regulations provide that the fact-finder will consider all the evidence presented, including information about plaintiff's prior work record. 20 §C.F.R 416.929(3).

In sum, ALJ Jones applied the proper legal standards in analyzing plaintiff's subjective complaints and substantial evidence supports the ALJ's determination. Plaintiff's challenge

amounts to a disagreement with the ALJ's consideration of conflicting evidence. Under the substantial evidence standard of review, it is not enough for plaintiff to merely disagree with the ALJ's weighing of the evidence or to argue that evidence in the record could support her position. *Warren v. Comm'r of Soc. Sec.*, 2016 WL 7223338, *6 (N.D.N.Y.), *report and recommendation adopted by*, 2016 WL 7238947 (N.D.N.Y. 2016). Rather, she must show that no reasonable factfinder could have reached the ALJ's conclusions based on the evidence in the record. *Id.* The ALJ's decision in this case demonstrates that she weighed the record evidence, including the conflicting evidence. *See Casey v. Comm'r of Soc. Sec.*, 2015 WL 5512602, *9 (N.D.N.Y. 2015) ("[i]t is the province of the [ALJ] to consider and resolve conflicts in the evidence as long as the decision rests upon adequate findings supported by evidence having rational probative force[;] ... [the ALJ] properly considered the totality of the record evidence, and concluded that the evidence quoted above outweighed [plaintiff's] evidence to the contrary") (internal quotation omitted).

**ACCORDINGLY**, it is

>**ORDERED** that plaintiff's motion for judgment on the pleadings (Dkt. No.14) is DENIED; and it is further

>**ORDERED** that defendant's motion for judgment on the pleadings (Dkt. No. 15) is GRANTED.

**Dated:**  September 24, 2020         *J. Gregory Wehrman*
              Rochester, NY                    HON. J. Gregory Wehrman
                                               United States Magistrate Judge